# Appeals of Sheaffer and Heckscher, et al.

| 100      379 |
| 19 SC ²320 |

1. In this case the court declined, on appeal, to interfere with a preliminary injunction restraining the lessees of certain mining rights from mining coal so as to do damage to the surface land.

2. By the provisions of the Act of February 14th 1866, section 1, Pamph. L. 28, granting the right of appeal to the Supreme Court in cases of preliminary injunctions, the pendency of such appeal does not suspend the proceedings in the original suit. Hence, the fact that the appeal has been pending for a long time in the Supreme Court, constitutes no reason for that court to depart from its usual course in passing upon preliminary injunctions, for the case might, in the meantime, have been prosecuted in the lower court to a final decree.

April 21st 1882. Before MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. SHARSWOOD, C. J., and PAXSON, J., absent.

APPEAL from the Court of Common Pleas of *Schuylkill county :* Of January Term 1880, No. 334.

Bill in equity, by Martin Conville et al. against P. W. Sheaffer, Richard Heckscher et al., averring that the defendants, as lessees of mining rights to the coal underlying certain houses and lots owned by the complainants, claimed the right to remove all the said underlying coal, and that the mining of said coal by defendants had caused great damage to said lots by the falling in of a large portion of the surface, and unsettling said dwelling houses, thereby rendering the occupancy thereof dangerous to life.

The bill prayed an injunction, preliminary till hearing and perpetual thereafter, to restrain defendants from continuing to mine said underlying coal.

The court, after hearing, awarded a preliminary injunction restraining the defendants from removing coal from under the surface of the complainants lots or from under any lots of ground immediately adjacent to any or either of said lots.

From this decree the complainants took this appeal.

*George W. Biddle* and *Hughes & Farquhar,* for the appellants.

*James B. Reilly,* for the appellees.

May 1st, 1882. PER CURIAM.—This being a preliminary decree we will not now interfere with it. The whole case can be considered on a final hearing.

Decree affirmed and appeal dismissed at the cost of the appellants.

The appellants subsequently presented a petition for a rehearing, and filed the following reasons:—

First. The effect of dismissing the appeal and permitting the preliminary injunction to stand is not to leave things in the condition in which they were originally, but on the contrary suspends the working of a portion of the appellants' mines for an indefinite period, to their very great loss.

Second. The plant of the appellants, as shown by the proofs before the court, cost over $300,000, and they are disabled by the injunction from working a portion of their mines, to their manifest loss.

Third. The security given by the complainants is utterly inadequate to cover this loss, the same not amounting to more

[Sheaffer and Heckscher's Appeal.]

than $2,000, and the security may not be ultimately able to respond even to this amount.

Fourth.  The utmost loss sworn to is in Conville's case, and as shown by his evidence is not more than $1,500.  The appellants are amply able to pay this amount if ultimately liable, and are willing to give security therefor if required by the court.

Fifth.  So far from preserving things in their existing condition at the time the injunction was granted, the preliminary injunction arrested the defendants in the pursuit of their usual and ordinary lawful business, when, as shown by complainants' witnesses, all or nearly all the alleged damage to their property had been already committed.  Such damage, moreover, was capable of exact pecuniary estimate.  The continuance of this injunction perpetuates this abnormal, irregular, and unjust state of things.

Sixth.  The effect of dismissing this appeal is practically to do away with the Act of Assembly authorizing an appeal from a preliminary or interlocutory injunction.  It will moreover be attended by consequences very disastrous to the mining interests of the Commonwealth.  A threat of an injunction will induce coal operators, under the fear of having their business stopped, to submit to any terms, no matter how severe, their opponents may demand, rather than risk the granting of a preliminary injunction ; since the dismissal of the present appeal will be erected into a precedent for the granting and perpetuation of any preliminary injunction, no matter how improvidently the same may have been allowed, until the final hearing of the cause. This is apparent from the following considerations, viz. :—

(a.) Whenever the workings of a mine are stopped by a preliminary injunction, the gangways may fall in, the gangway pillars are liable to be crushed, and all the coal left standing is lost unless the workings are reopened, an operation more dangerous and expensive than the original opening of the works, and sometimes involving a cost greater than the value of the coal which can be obtained, because but a small portion of the coal so left can then with safety be taken out.

(b.) The surface owners are persons of small means, and could not pay the damage caused by such suspension of the workings, even if judgment were obtained against them, and could not furnish adequate security therefor.

(c.) The Messrs. Hecksher have already suffered damage by reason of preliminary injunctions, issued at the instance of surface lot owners, to the extent of over $50,000, in the working of the mines involved in this suit.

Seventh.  The rights of the complainants are founded upon grants, in each case reserving all the coal under their respective lots, and their rights can not be increased or diminished on a final hearing.

Eighth. The complainants all take the grant of their respective lots, excepting to the grantor, his tenants, lessees, and assigns, all the fossil or mineral coal, and other minerals found under the surface of the earth within the boundaries of their respective lots, with the right of digging for, mining, and taking away the same without. making any compensation therefor to the respective grantees.

Ninth. This cause has been pending in the Supreme Court for more than two years.

May 15th, 1882. PER CURIAM. The application for a re-argument is refused. The fact that the appeal has been pending in this court for a long time, furnishes no reason why the case shall not go to a final decree. An appeal from a preliminary decree does not prevent nor delay any action leading to a final decree.

The first section of the Act of 14th February 1866, P. L. 28, giving an appeal without affidavit or security, from a special injunction, expressly declares that the pendency of such appeal to this court "shall not suspend the operation of such special injunction or the proceedings in the original suit."

In this case the time has been most ample to have procured a final decree. No cause is shown why it has not been done. A voluntary omission to obtain it, gives no adequate reason why the disputed facts shall not be found by a master, and be passed upon by the court below. In this case we deem both necessary, for our intelligent action.