## Rudy *v.* Myton, Appellant (No. 2).

*Equity—Injunction—Preliminary injunction.*

On a bill in equity to restrain defendants from cutting off a supply of water which the plaintiff had long enjoyed, a temporary injunction was granted to preserve the status quo until final hearing. *Held,* that as the case was presented by the evidence this was not error, although it appeared that the controlling questions were questions of fact upon which a difference of opinion was expressed by the witnesses.

Argued Nov. 6, 1901. Appeal, No. 189, Oct. T., 1901, by defendants, from decree of C. P. Huntingdon Co., Sept. T.. 1901, No. 94, on bill in equity, in case of Henry Rudy, Matthew G. Rudy, Rebecca M. Rudy, Ida C. Rudy, S. G. Rudy, Isabella Steel and Anna May Weyer *v.* Benner R. Myton, Thomas F. Shipton and Mary P. Shipton. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Bill in equity for an injunction.

The bill set forth : That on the lands of Myton is a never failing spring of water, with two openings, one of which is walled up, that the water of the walled up opening is carried down in pipes past plaintiffs' house ; that plaintiffs claim they are entitled to one third of the water flowing down said pipes ; that Myton dug a trench from his residence to the unwalled opening and is about to insert one and one-fourth inch pipes into said unwalled opening and convey its waters to the residences of defendants ; that if this is done it will diminish the flow of water down the pipes from the walled up opening and do the plaintiffs irreparable injury and praying for an injunction to restrain him,

The answer set forth: That instead of one spring there are
two separate and distinct springs, known as the walled and
unwalled springs and that plaintiffs had no right or title to
the waters of either; that on June 30, 1899, Henry Rudy drove
an iron pipe down the stand pipe that conveyed the water of
the walled up spring to the residences of plaintiffs and de-
fendants, thus depriving defendants of nearly all the water
flowing down said pipes and carried it to the residence of
plaintiffs, and immediately thereafter, upon application of Mar-
garet Rudy, a preliminary injunction was issued restraining
defendants from interfering with said pipes and still continues
in force; that this occasioned great loss and damage to de-
fendants; that Myton was about to convey by one and one-
fourth inch pipes water from the unwalled spring to his resi-
dence; that this could not affect the flow of water down the
pipes or cause the plaintiff irreparable damage, because none
of the water from the unwalled spring flows down or into the
pipes, but it all flows down and over the land to Myton.

The court continued the preliminary injunction.

*Error assigned* was in continuing preliminary injunction on
the final hearing.

*James S. Woods* and *W. H. Woods,* with them *T. W. Myton,*
for appellants.

*Thomas F. Bailey,* with him *H. H. Waite,* for appellee.

OPINION BY RICE, P. J., February 14, 1902:

The very important if not the controlling questions, namely,
whether what is called the walled spring and what is called the
unwalled spring are in reality but a single spring with two
openings, and whether the effect of introducing a pipe suffi-
cient to drain the latter will also drain the former, are ques-
ions of fact upon which a difference of opinion was expressed,
by the witnesses. It was stated on the argument that the case
would soon be tried; and for aught we know, it has since been
tried. But whether it has or not, it is not claimed that the
pendency of this appeal operated to suspend the trial of the case.
See Sheaffer and Heckscher's Appeals, 100 Pa. 379. The case

does not turn solely upon a question of law, and it is too well settled to require the citation of authority, that an interlocutory injunction is provisional merely, and concludes no rights. We, therefore, do not feel called upon to discuss the questions which on final hearing may present an entirely different aspect. As the case is now presented the majority of the judges who heard this appeal are of opinion that the court of common pleas committed no error in awarding a temporary injunction to preserve the status quo until final hearing. This is all that we decide.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.