# Slate Belt Electric Street Ry., Appellant, *v.* Pennsylvania Utilities Co.

*Equity—Jurisdiction—Pending appeal—Preliminary injunction —Act of May 19, 1897, P. L. 68—Delay in taking appeal—Appeal— Review.*

1. A court of equity has no jurisdiction to enjoin a party from proceeding in a matter pending on appeal in another court, where the appeal was not taken from its own order or decree. This is regulated by the Act of May 19, 1897, P. L. 67.

2. An appeal from an order granting or refusing a preliminary injunction must be promptly taken. If it is delayed until after a decision of the case might have been had on the merits, the order will be affirmed for that reason.

Argued March 9, 1920. Appeal, No. 161, Jan. T., 1920, by plaintiff from decree of C. P. Northampton Co., June T., 1918, No. 7, dismissing and refusing to continue preliminary injunction, in case of Slate Belt Electric Street Ry. Co. v. Pennsylvania Utilities Co. Before Brown, C. J., Stewart, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Bill in equity for injunction. Before McKeen, J.

The facts are stated in the opinion of the Supreme Court.

The court below granted a preliminary injunction. Subsequently it overruled motions to continue it, and at the same time dissolved it. Plaintiff appealed.

*Errors assigned* were (1) decree dissolving preliminary injunction, (2) denying motion to continue same, (3) pending appeal in Superior Court, quoting decrees.

H. M. Hagerman, with him W. S. Kirkpatrick and
J. Hector McNeal, for appellant.

J. W. Paff, of Smith, Paff & Laub, for appellee, cited,
as to the dissolution of the preliminary injunction: St.
Clair Boro. v. Tamaqua & Pottsville Electric Ry., 259
Pa. 462; Schaper v. Cleveland & Erie Ry., 265 Pa. 109;
Hoffman v. Howell, 242 Pa. 112; Bixler v. Swartz, 257
Pa. 300; Beetem v. Carlisle Light, Heat & Power Co.,
265 Pa. 128; City Ice Co. v. Easton Merchants Ice Co.,
265 Pa. 310.

OPINION BY MR. JUSTICE SIMPSON, April 12, 1920:

On May 1, 1912, an agreement was entered into be-
tween plaintiff and the Eastern Pennsylvania Power
Company (which has since been consolidated with de-
fendant), by which certain rights and obligations were
granted to and assumed by the parties, nothing being
said, however, as to furnishing plaintiff with electricity
for the purpose of operating its railway.   On December
1, 1913 (after the passage of the Public Service Com-
pany Law of July 26, 1913, P. L. 1374, but before its
effective date on January 1, 1914), plaintiff and defend-
ant entered into a consumer's contract, by which defend-
ant agreed to furnish electric current to plaintiff, for op-
erative purposes, for a period of ten years, at a rate spe-
cified therein.   This contract does not refer to that of
May 1, 1912, but plaintiff alleges part of its consider-
ation was the rights granted by the earlier agreement.

Because of the shortage and increased price of coal in
the latter part .of 1917, defendant filed with the public
service commission a new schedule of rates which, in
due  course, became effective on December 15, 1917.
Thereafter it charged plaintiff at these rates, whereupon
the latter filed this bill in equity setting forth the con-
tract of December 1, 1913, and defendant's intention to
cease furnishing electricity unless it was paid for at
rates in excess of those agreed upon, and praying an

injunction, specific performance of the contract, and general relief. The gravamen of the complaint was, and still is, that the new rates are ineffective as to plaintiff, because of the rights granted to the Eastern Pennsylvania Power Company by the agreement of May 1, 1912, or at least until defendant has returned them or paid plaintiff for them. A preliminary injunction was granted on the filing of the bill, and thereafter the case was put at issue.

We are advised by appellant's history of the case, that on or about July 11, 1918, while the trial was proceeding, "the court stopped the same during the progress of the hearing and before the completion of the testimony, because he had heard enough to determine the question of jurisdiction, and that he had only jurisdiction in aid of the public service commission, and relegated, by order, the plaintiff to the public service commission." Plaintiff apparently acquiesced in this decision; certainly it proceeded no further with the trial, but filed its complaint with the commission, averring the new rates were unreasonable, and moreover were ineffective as to it for the reasons above specified; and it also from time to time applied for and obtained from the court below decrees continuing the preliminary injunction until this complaint could be filed and decided, and thereafter until plaintiff could perfect its appeal to the Superior Court and apply for supersedeas therein. After a hearing the commission dismissed the complaint, holding the new rates to be reasonable; and stated also it had no jurisdiction to consider the other questions raised by plaintiff.

From this decision plaintiff appealed to the Superior Court, and then moved the court of common pleas for two orders (1) continuing the injunction until final hearing, and (2) continuing it until the Superior Court had decided the case. After the latter court allowed the supersedeas, the two motions were refused and the preliminary injunction dissolved; and from these orders

plaintiff now appeals to this court. Subsequently the Superior Court affirmed the decision of the commission, and plaintiff, at the present argument, announced its intention of applying to this court for the allowance of an appeal therefrom.

Whether or not the preliminary injunction should ever have been granted or continued is not now before us; but, it is clear, whatever jurisdiction a court of equity may have had to maintain the status quo pending a decision by the commission, it ended when the case reached the courts on appeal, for then the matter is regulated by the Appeals Act of May 19, 1897, P. L. 67, and by article VI, section 19, of the Public Service Company Law of July 26, 1913, P. L. 1374.

Nor can we now say it was error to refuse to continue the injunction until the final hearing of the equity case. More than a year and a half ago the court below decided its jurisdiction was limited as above set forth. If plaintiff wished to have that decision reviewed it could and should have had a final decree entered and taken its appeal therefrom. After this lapse of time we will not review an order granting or refusing a preliminary injunction: Gyger's App., 15 W. N. C. 513; Drum v. Dinkelacker, 262 Pa. 392.

The orders of the court below are affirmed, and the appeal dismissed at the costs of appellant.