# Pennsylvania Railroad Company, Appellant, *v.* Lilly Borough.

*Railroads—Boroughs—Telegraphs—Equity.*

Where a railroad company has a full and complete right to construct a line of railroad over and upon land in a borough, with all of the incidents necessary for the operation and maintenance of such railroad, the borough cannot prevent the railroad company from erecting on such land a line of telegraph poles and wires. On a bill in equity by the railroad company against the borough to restrain such interference, the purpose which the railroad company has in contemplation and the use it intends to make of the telegraph line when built are not within the province of the court to consider.

*Equity—Equity practice—Injunction bond—Appeals.*

On an appeal from a decree refusing an injunction, an objection made in the appellate court that no injunction bond was filed by the complainant, is one that can be obviated after the reversal of the decree by the filing of the bond at any time before the injunction issues.

Argued Oct. 12, 1903. Appeal, No. 157, Oct. T., 1903, by plaintiff, from decree of C. P. No. 3 Cambria Co., Sept. T., 1903, refusing a preliminary injunction in case of Pennsylvania Railroad Company v. Lilly Borough. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Bill in equity for an injunction.

O'CONNOR, J., found the facts to be as follows:

1. That the Pennsylvania Railroad Company, complainant, acquired from the commonwealth of Pennsylvania, by deed poll dated the 31st day of July, 1857, all of the rights which the commonwealth of Pennsylvania authorized to be granted to a railroad corporation in the New Portage Railroad, etc., by virtue of an act of assembly entitled, "An act for the sale of the main line of the public works," approved the 16th day of May, 1857.

2. That the line of the New Portage Railroad passes through the borough of Lilly, in Cambria county.

3. That the poles in controversy, and which form the subject of contention in this proceeding, were being erected upon

the line of the New Portage Road which is owned by the complainant company.

4. That the New Portage Railroad, or part thereof, is used as a public thoroughfare of the borough of Lilly, and has been so used for forty years and upwards, in pursuance of an order of court declaring the same a public highway.

5. That a line of telegraph poles was located on and along said New Portage Railroad for about forty years and was removed therefrom by the servants of the Pennsylvania Railroad Company, with leave of the authorities of Lilly borough, within the past three months.

6. That Lilly borough is opposing the erection of a new line of telegraph poles instead of the ones removed, except under certain conditions and restrictions to be imposed by borough ordinance.

7. That the Pennsylvania Railroad Company is admittedly an existing Pennsylvania corporation and that Lilly borough is a borough located in Cambria county, duly organized and existing under the laws of this commonwealth at the present time.

8. That the complainant company, since the purchase of the New Portage Railroad, has not ceased to make such uses of it, where the same lies in and through Lilly borough, as from time to time became necessary for complainant company.

The material conclusions of law are quoted in the opinion of the Supreme Court.

*Error assigned* was refusal to grant preliminary injunction.

*H. W. Storey*, for appellant.

*J. F. McKenrick*, with him *W. Horace Rose* and *Forest* and *Percy Allen Rose*, for appellee.

PER CURIAM, November 9, 1903:

The learned judge below found as a fact that "the poles in controversy and which form the subject of contention were being erected upon the line of the New Portage Road which is owned by the complainant company." He further found among his conclusions of law, "First. That the Pennsylvania Railroad Company has a full and complete right to

construct a line of railroad over and upon the land known as the New Portage Railroad, with all of the incidents necessary for the operation and maintenance of such railroad when constructed at any point where the line of said new Portage Railroad lies within the limits of the state of Pennsylvania, . . . " But " Inasmuch as we have failed to find as a fact that the complainant company is desirous of erecting a line of telegraph poles and wires for the exclusive use of its railroad line on and along the New Portage Railroad, in the borough of Lilly, the answer having raised the question and no evidence whatever offered to prove that said line of telegraph poles was being erected for the use of the railroad company, complainant, in the operation of its line of railway, we are constrained to refuse the prayer of the petitioner for an injunction."

On these findings it appears that the complainant was in the exercise of its legal rights on its own premises and was illegally interfered with by the respondent. The jurisdiction of equity in such cases is too well established to need discussion. The reason assigned for refusing the injunction is not sufficient. The complainant having the right to build the telegraph line, the purpose which it has in contemplation, and the use it intends to make of the line when built, are not within the province of the court to consider in this proceeding.

The objection that no injunction bond was filed by the complainant, made on the argument here, is one that can be obviated by the filing of the bond at any time before the injunction issues.

Decree reversed and injunction directed to be awarded as prayed.