## Nesbit et al. *v.* Riesenman et al., Appellants.

*Equity—Injunctions—Preliminary injunctions—Bond—Act of May 6, 1844, P. L. 564—Rules 38 and 39 of Equity Practice.*

A decree granting a preliminary injunction will be affirmed on appeal where it appears that there were reasonable grounds for the action of the lower court.

The Act of May 6, 1844, P. L. 564, provides that no injunction shall be issued by any court or judge until the party applying for the same shall have given bond with sufficient sureties. It is also provided by Rules 38 and 39 of Equity Practice that preliminary injunctions shall not be allowed without security being given according to law.

When injunction affidavits have been duly filed, an order directing a preliminary injunction to issue, but expressly providing that it shall become effective only upon the entering of security, is a substantial compliance with the requirements of the equity rules and the Act of 1844. The bond is given for the protection of the defendant and he cannot suffer any damage until a restraining order becomes effective.

*Appeals—Equity—Preliminary injunction.*

The order properly assignable, for error in this case was the subsequent order, entered after security had been given and approved, and directing the injunction to issue.

Argued April 12, 1927.   Appeal No. 121 April T., 1927, by defendants from order of C. P. Venango County, August T., 1925, No. 1, sitting in equity, in the case of John L. Nesbit, James McElhanney, Elzora Thompson, Mary D. Campbell, etc. v. Joseph Riesenman, individually, and Joseph Riesenman and John C. Brecht, doing business as the "R. and B. Motor Company." Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Bill in equity for injunction to restrain defendants from building a garage. Before McLAUGHRY, P. J., 35th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The court granted a preliminary injunction. Defendants appealed.

*Error assigned,* among others, was the order of the court.

*Quincy D. Hastings* and *John L. McBride,* and with them *John M. Wright,* for appellants, cited: Mammoth Coal Co.'s Appeal, 54 Pa. 183; Baur & Son v. Wilkes-Barre Light Co., 259 Pa. 117; Juniata Water & Water Power Co. v. Wilson Electric Co., 226 Pa. 407; Rhodes v. Dunbar, 57 Pa. 274; Cumberland Val. R. Co.'s Appeal, 62 Pa. 218; Rhymer v. Fretz, 206 Pa. 230; Luther v. Luther, 216 Pa. 1; Llewellyn v. Sunnyside Coal Co., 242 Pa. 522; Wood v. McGrath, 150 Pa. 451.

*A. R. Osmer,* and with him *N. F. Osmer,* for appellees, cited: Drum v. Dinkelacker, 262 Pa. 392; Stefanich v. Beaver Falls et al., 77 Pa. Superior Ct. 125; Davis v. Porch Bros., 268 Pa. 376; Beetem v. Carlisle Light, Heat & Power Co., 265 Pa. 128; Hoffman v.

Howell, 242 Pa. 112; Erie & North East Railroad Co.
v. Casey, 26 Pa. 287; Pennsylvania Railroad Company
v. Lilly Boro., 207 Pa. 180.

OPINION BY CUNNINGHAM, J., April 27, 1927:

Prior to May 1, 1925, Joseph Riesenman, one of the
defendants below and an appellant herein, became
the owner of a lot, fronting 96 feet on Liberty Street
between Tenth and Eleventh Streets in the City of
Franklin, and having a depth of 150 feet, upon which
he erected a two-story building 50 x 100 feet suited
to the purpose of selling, exchanging, repairing and
servicing automobiles.   On May 1, 1925, Riesenman
and John C. Brecht, doing business as the "R. and B.
Motor Company," moved their business of selling,
servicing and repairing Chevrolet cars from Thir-
teenth Street in said city into the new building on
Liberty Street and shortly thereafter the construc-
tion of a gasoline filling station in front of the build-
ing was commenced.   On May 28th, the plaintiffs, resi-
dent property owners in the vicinity, (claiming that
the "district is exclusively a residential district or
section" and that they will "suffer immediate and ir-
reparable loss and damage" in various ways by reason
of the operation of the garage and filling station)
gave notice of their intention to apply for a pre-
liminary injunction to restrain appellants "from main-
taining and operating said public garage and from
erecting, operating and maintaining the said gasoline,
air and water, station."   A bill, accompanied by in-
junction affidavits, was filed pursuant to said notice
and a motion made for the preliminary injunction but
no bond was at that time presented.

Because the then President Judge of the 28th Judi-
cial District resided in the vicinity of the garage in
question he very properly declined to pass upon the
merits of the controversy but granted a rule, return-
able June 4, 1925, to show cause why a preliminary

injunction should not issue. On the return day of the rule appellants moved before the President Judge of the 35th Judicial District, specially presiding, to dismiss the rule. The court below proceeded to take testimony that day and also on June 11, 1925, in behalf of plaintiffs and defendants. On July 7, 1925, appellants filed their answer to the bill and an argument was had in February, 1926, at which appellants presented requests for findings of fact and conclusions of law, but for some unexplained reason no action was taken by the court below for more than a year upon the rule for a preliminary injunction. On October 4, 1926, an opinion, containing the court's findings of fact and conclusions of law and closing with an order dated September 30, 1926, making the rule absolute, was filed. The material portions of this order read: "....... the rule to show cause is made absolute, and a preliminary injunction is awarded as prayed for, ..... ..

"This order to be effective upon security being given in the sum of $500, conditioned to indemnify defendants, *sec. leg.*"

Although no injunction had then issued the docket entries show that a motion to dissolve was made on October 5, 1926, and ordered to be filed. On October 8, 1926, the injunction bond of plaintiffs in the sum of $500, with a corporate surety, was presented in open court and approved. On October 9, 1926, its form having been approved by the court below, the injunction was issued. The motion to dissolve was overruled in an opinion filed November 15, 1926, and on November 17, 1926, the defendants appealed to this court and had their appeal made a supersedeas by the court below. The learned counsel for appellants have assigned for error the above mentioned order of September 30, 1926, and have improperly (Drum v. Dinkelacker, 262 Pa. 392) assigned the order of November 15, 1926, overruling their motion to dissolve, but they

have not assigned the decree of October 9, 1926, directing the preliminary injunction to issue. This was the only decree actually directing an injunction to issue and is the decree which is to be affirmed or reversed upon this appeal. It would be entirely proper to affirm it without further discussion because it has not been brought up for review by any of the assignments. Under all the circumstances and as it has been necessary to have different judges preside at different stages of the proceedings in the court below we have concluded to consider this appeal as if the decree awarding the preliminary injunction were properly before us, but we are not to be understood as condoning the failure to assign it for error.

(1)   The first question involved is whether the court below erred in making the order of September 30, 1926, although the plaintiffs did not tender a bond with their motion for a preliminary injunction. This question was raised in support of the motion to dissolve the injunction. The Act of May 6, 1844, P. L. 564 provides: "No injunctions shall be issued by any court or judge, until the party applying for the same shall have given bond with sufficient sureties," etc. Rules 38 and 39 of Equity Practice provide for the granting of preliminary injunctions on bill and injunction affidavits but they shall not be allowed "without security being given according to law." The prohibition of the statute is that no injunction shall be *issued* until the bond shall have been given. As already stated, the bill in this case was accompanied by injunction affidavits and notice was given to the opposite party that application would be made for the preliminary injunction. In the language of the court below: "It is clear that a bill and injunction affidavits must be in the hands of the court before he can consider the question as to whether or not an order shall be made, directing that a preliminary injunction shall issue. The bond, however, is given for the protection

of the defendant, and he cannot suffer any damage until a restraining order becomes effective. Under the order made here it became effective only after a bond was filed.'' The cases cited and relied upon by counsel for appellants (Baur v. Wilkes-Barre Light Co., 259 Pa. 117 and Juniata Water & Water Power Co. v. Wilson Electric Co., 226 Pa. 407) have no application to the question involved on this appeal because in neither case was the bill accompanied by injunction affidavits. We are of opinion that there was a substantial compliance with the statute and rules in the issuing of this injunction: Pennsylvania R. R. Co., Apt., v. Lilly Boro., 207 Pa. 180.

(2) In accordance with the established practice we shall not enter into a discussion of the merits of this case except to the extent of determining whether there was reasonable ground for the action of the court below. We are satisfied from an examination of the testimony that there was reasonable ground for the awarding of this preliminary injunction.

The assignments of error are dismissed and the order directing the preliminary injunction to issue is affirmed, the costs on this appeal to await the final adjudication.