## Stuchul *v.* Stuchul, Appellant.

*Appeals—Interlocutory order—Bill in equity—Demurrer—Quashing appeal—Act of June 7, 1907, P. L. 440.*

A decree overruling a demurrer to a bill in equity and directing the defendant to answer over is interlocutory and from it no appeal lies. Nothing in the Act of June 7, 1907, P. L. 440, affects this rule.

Argued Oct. 18, 1911.    Appeal, No. 105, Oct. T., 1911, by defendant, from decree of C. P. No. 3, Allegheny Co., Aug. T., 1910, No. 293, overruling demurrer to bill in equity in case of Esther A. Stuchul v. A. J. Stuchul.    Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.    Appeal quashed.

*H. M. Scott,* for appellant.

*A. M. Thompson,* of *Gray, Thompson & Rose,* for appellee.

PER CURIAM, October 23, 1911:

A decree overruling a demurrer to a bill in equity and directing the defendant to answer over is interloctory and from it no appeal lies: Arnold v. Russell Car & Snow Plow Co., 212 Pa. 303.   Nothing in the Act of June 7, 1907, P. L. 440, changes this.   When the question of jurisdiction is raised in limine and decided adversely to the plaintiff he is driven out of the equity court, and the decree is final as to him, for it denies him equitable relief.   Before the passage of the act of 1907 he had a right to appeal from such a decree, and that act in express terms continues the right; but as to a defendant whose demurrer to a bill is overruled, the decree overruling it remains interlocutory and the question of its correctness can be raised here only upon appeal from a final decree.   The motion to quash must prevail.

Appeal quashed at appellant's costs and record remitted with a procedendo.