# Baur et al. *v.* Wilkes-Barre Light Co. et al. (Moore and Hourigan's Appeal).

*Equity practice—Bill in equity—Injunction—Bond—Affidavit—Receivers—Protection of property—Act of May 6, 1844, P. L. 564, Section 1—Acts of March 21, 1806, S. M. L. 326, and June 16, 1836, P. L. 784—Equity Rules 81 and 82—Jurisdiction of court.*

1. A court of equity is without jurisdiction to award an injunction where no bond has been filed as required by the Act of May 6, 1844, P. L. 564, Section 1, and made mandatory by the Act of March 21, 1806, S. M. L. 326.

2. Equity rules, promulgated by the Supreme Court in pursuance of the Act of June 16, 1836, P. L. 784, have the force of statutory enactments and must be strictly complied with.

3. The Act of 1844 and Equity Rules 81 and 82 requiring a bond and injunction affidavits apply where a receiver invokes the aid of equity to protect property in his possession from interference or invasion. The act is mandatory and applies to all cases.

4. A light company was declared insolvent and a receiver appointed by the Court of Common Pleas. Thereafter creditors filed a petition in bankruptcy, receivers in bankruptcy were ap-

pointed and the property turned over to them.  Subsequently the petition in bankruptcy was dismissed and the receivers in bankruptcy filed their account, but were not discharged.  The receiver previously appointed by the Common Pleas Court took possession of the property and filed a bill in equity for an injunction to restrain the receivers in bankruptcy from interfering with his management of the property; but failed to file a bond or injunction affidavits.  The lower court granted a preliminary injunction which it subsequently refused to dissolve.  *Held*, that the court was without jurisdiction to enter such decree and the injunction was dissolved.

Argued May 21, 1917.  Appeal, No. 157, Jan. T., 1917, by Guy A. Moore and John A. Hourigan, from decree of C. P. Luzerne Co., in equity, Feb. T., 1912, No. 14, awarding a preliminary injunction in equity case of R. Baur & Son et al. v. The Wilkes-Barre Light Co., on petition of Martin J. Mulhall, Receiver of the Wilkes-Barre Light Co., v. Guy L. Moore and John A. Hourigan, Receivers of the Wilkes-Barre Light Co., appointed by United States District Court.  Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.  Reversed.

Bill in equity for an injunction.  Before GARMAN, J.

The facts appear by the opinion of the Supreme Court.

The lower court granted a preliminary injunction which it subsequently refused to dissolve.  Guy A. Moore and John A. Hourigan appealed.

*Error assigned*, among others, was the decree of the court.

*Rush Trescott*, with him *Edmund G. Butler* and *Andrew Hourigan*, for appellants.—The court is without jurisdiction to award an injunction where no injunction bond and affidavits have been filed: Commonwealth v. Franklin Canal Co., 21 Pa. 117; Erie & North-East R. R. Co. v. Casey, 26 Pa. 287; Makof v. Sherman, 36 Pa.

Superior Ct. 624; Equity Rules 81 and 82; Act of May 6, 1844, P. L. 564, Section 1.

*W. I. Hibbs,* with him *M. J. Mulhall,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, June 30, 1917:

This is an appeal by Moore and Hourigan, receivers in bankruptcy of the Wilkes-Barre Light Company, from a decree of the Court of Common Pleas of Luzerne County granting an injunction restraining them from proceeding in equity in the District Court of the United States for the Middle District of Pennsylvania.

In January, 1912, R. Baur & Son filed a bill in equity in the Common Pleas of Luzerne County against the Wilkes-Barre Light Company, alleging its insolvency and praying the appointment of a receiver. The company was adjudged insolvent, and Martin J. Mulhall, the appellee, was appointed receiver and qualified. Subsequently the creditors of the light company filed a petition in bankruptcy in the United States District Court and Thomas D. Shea was appointed receiver by that court. The Court of Common Pleas made an order directing Mulhall to turn over to Shea the books, papers and other property of the company and to render an accounting and statement of his receivership. The light company demurred to the petition in bankruptcy, Shea resigned, and Moore, Kirkendall and Hourigan were appointed receivers in bankruptcy in his stead. The receivers in bankruptcy managed the affairs of the company for over three years, during which time they issued certificates to the amount of upwards of $10,000 to enable them to carry on the business of the company. These certificates remain unpaid and are outstanding.

In June, 1915, the District Court dismissed the petition in bankruptcy, its receivers filed their account, and on the audit thereof the court awarded commissions and counsel fees. The receivers have not been discharged, nor has the district court authorized or directed them to

turn over the assets of the company to Mulhall, the receiver appointed by the Court of Common Pleas. After the audit, Mulhall, assuming that the jurisdiction of the district court had ended, took possession of the property and as receiver has since been operating it. Moore and Hourigan filed a bill in the United States District Court to restrain Mulhall from interfering with their receivership. On April 5, 1917, Mulhall filed his petition in the Court of Common Pleas praying for an injunction to restrain the receivers in bankruptcy from proceeding further with the bill in equity in the District Court and from interfering in any way by legal process or otherwise with his management of the light company and the control of its assets. On the same day the court directed an injunction to issue as prayed for, and fixed a date to hear a motion to dissolve. Moore and Hourigan moved to dissolve the injunction assigning as reasons that it was issued without a bond and without affidavits; that the bill was not printed and did not contain a certificate that there was not time to print; that the bill prayed a permanent injunction and the court without qualification granted the prayer of the bill; that instead of complying with the proper practice of granting a preliminary injunction with a motion to continue the same, an injunction permanent in form was granted in the first instance, with leave to move to dissolve, thus improperly placing the burden on the defendants; that the injunction was granted ex parte without previous notice to defendants, without any averment of irreparable injury; and that the court was without jurisdiction, the District Court having exclusive jurisdiction.

On the hearing to dissolve the injunction the court, against the objection of the appellants, heard testimony as if on a motion to continue the injunction, and subsequently the motion to dissolve was denied. Moore and Hourigan, the receivers in bankruptcy, have appealed and assigned numerous errors, among which are the granting of the injunction without security and affi-

davits, and denying the motion to dissolve. The appellants also aver, as a reason for reversing the decree, that the District Court of the United States had exclusive jurisdiction of the subject-matter of the complaint, and that the Court of Common Pleas was without jurisdiction and, therefore, had no right or power to grant the injunction.

We think the learned court below committed manifest error in granting the injunction. No bond or injunction affidavits were filed, and, hence, the court was without jurisdiction to award the writ. Such action by the court was in direct violation of the Act of May 6, 1844, P. L. 564, Section 1 of which provides: "No injunctions shall be issued by any court or judge, until the party applying for the same shall have given bond with sufficient sureties, to be approved by said court or judge, conditioned to indemnify the other party for all damages that may be sustained by reason of such injunction." In no case, therefore, can an injunction issue without security being given, as the Act of March 21, 1806, Sec. 13, 4 Sm. L. 326, provides that, "in all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this Commonwealth, the directions of the said acts shall be strictly pursued." The order awarding the injunction was also violative of equity Rule 82 which provides: "Cautionary orders in injunction bills shall not be made, nor shall any injunction be allowed except security be given according to law"; and of Rule 81 providing that preliminary injunctions may be granted, in accordance with the present practice, on bill and injunction affidavits. As we have frequently held, the equity rules, promulgated by this court in pursuance of the Act of June 16, 1836, P. L. 784, have the force of statutory enactments and must be strictly complied with. It, therefore, needs no argument to show that the court below was without authority to issue the injunction under the circumstances, and that the decree awarding the writ is a nullity. The de-

cisions of this court conclusively settle the question: Erie & North-East R. R. Co. v. Casey, 26 Pa. 287; Kincaid's App., 66 Pa. 411; Gilroy's App., 100 Pa. 5; Juniata Water & Water Power Co. v. Wilson Electric Co., 226 Pa. 407.

The appellee contends that the act of assembly and the equity rules requiring a bond and injunction affidavits do not apply where a receiver invokes the aid of equity to protect the property in his possession from interference or invasion, but we regard this contention as having no merit. The Act of 1844 is mandatory and declares that no injunction shall be issued by any court or judge without sufficient security. This language is sufficiently comprehensive to include the present case. As said in Commonwealth v. Franklin Canal Co., 21 Pa. 117, 130: "The words are broad and general, they apply to all cases." The equity rules are equally imperative in requiring injunction affidavits, and we can see no reason why the appellee should be relieved from a strict compliance with them. Both the law and the rules of court were adopted after mature consideration and from an experience which determined their necessity, for the protection of those against whom injunctions might be issued. It is true that a receiver is an officer of the court and acts for the court in the administration of the property in his charge, but the present case is not an attachment issued to punish a contempt of the court by interfering with its officer in the management of the property in his possession. It is simply the ordinary case of an injunction issued upon a bill or petition to restrain an alleged illegal act threatened by the defendant.

We are compelled to sustain the first, fourth, fifth and sixth assignments of error and reverse the court below for the reasons stated. The other questions raised by the several assignments become immaterial and need not be considered.

The decree is reversed, and the injunction is dissolved at the costs of the appellee.