# Drum et al. *v.* Dinkelacker, Appellant.

*Equity—Equity practice—Certification to law side—Injunction —Bonds—Mandatory preliminary injunction—Final decree—Appeals—Practice, Supreme Court—Assignment of error—Publicity —Act of June 7, 1907, P. L. 440.*

1. No act of assembly allows an appeal from a refusal to dissolve a preliminary injunction.

2. On an appeal from the granting of a preliminary injunction, the court will not consider the question as to whether or not the case should have been certified to the law side of the court, under the Act of June 7, 1907, P. L. 440, if the court below was not moved to certify it thereto.

3. Such an application, even if made, would be interlocutory, and not the subject of an appeal until after final decree.

4. A complaint that an injunction bond contains but one surety, will not be considered, where, without objection, a new bond with two sureties has been substituted.

5. An appeal from the granting of a preliminary injunction must be promptly made. Ordinarily it will be dismissed, as of course, if delayed beyond the time when the case might have been decided on final hearing.

6. It is only in extreme cases that a mandatory preliminary injunction is proper.

7. On a motion to dissolve a preliminary injunction, unaccompanied by a motion to extend it, the court can only dissolve or refuse to dissolve it, or modify it by making it less stringent.

8. That which is in effect a final decree cannot be entered on a preliminary hearing, except with consent of the parties.

9. An assignment alleging error in refusing to dissolve an injunction because but one surety was given on the bond and also because of delay in final hearing, is bad for duplicity.

Argued September 30, 1918. Appeal, No. 88, Jan. T., 1919, by defendant, from decree of C. P. Luzerne Co., Jan. T., 1916, No. 2, enlarging a decree awarding a preliminary injunction, in case of Carrie M. Drum, Nora Drum and Lottie E. Drum v. George W. Dinkelacker. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and FOX, JJ. Reversed.

Bill in equity for an injunction. Before GARMAN, J.

The opinion of the Supreme Court states the facts.

The court awarded a preliminary injunction which was subsequently enlarged as appears by the opinion of the Supreme Court. Defendant appealed.

*Errors assigned* were the decrees of the court.

*Rush Trescott,* with him *Roger J. Dever,* for appellant.

*Philip L. Drum,* with him *William C. Price,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, October 23, 1918:

On May 10, 1916, plaintiffs filed a bill in equity complaining that the defendant had erected a garage upon and thereby closed up an alley which belonged to them and was appurtenant to their other property, and had

also obstructed the alley with lumber, ashes and other materials. They prayed a preliminary injunction against further encroachment and obstruction, a final decree for removal and restoration, and for damages.

Upon the filing of the bill, the court below granted a preliminary injunction against further encroachment and obstruction, plaintiffs entering a bond with one surety. On May 15, 1916, defendant moved to dissolve the injunction, which motion was dismissed. On June 6, 1916, he filed his answer. In it he averred that the garage was on his property, and not on plaintiffs'; that plaintiffs had an adequate remedy at law; and asked, as he had also done on the motion to dissolve, that that question be decided in limine as provided by the Act of June 7, 1907, P. L. 440.

On March 4, 1918, a replication was filed nunc pro tunc as of some unstated date. On May 7, 1918, defendant again moved to dissolve the injunction, a hearing was had, and the motion dismissed. In addition the court entered a decree requiring the defendant, within thirty days from the date thereof, to remove the garage, to restore the alley to its original condition, and to pay the costs of the case. Pending the hearing a new bond with two sureties was allowed, approved and filed. On June 10, 1918, defendant prosecuted this appeal from said orders and decrees.

The record fails to disclose that the court below was asked, either at the hearing, or at any other time, to certify the case to the law side of the court, or that the case was ever put down for a decision of that question in limine.

The first and seventh assignments allege error in granting the preliminary injunction of May 15, 1916, and in refusing to dissolve it. It is too late to raise those questions now. The order was over two years old when this appeal was taken, and six months is the limit of time for appealing: Section 4 of the Act of May 19, 1897, P. L. 67.

Moreover, the refusal to dissolve a preliminary injunction is not the subject of an appeal, and hence for this reason also the first assignment must be dismissed, as must also the second assignment, for they allege error only in the refusals to dissolve. By the Act of February 14, 1866, P. L. 28, an appeal is allowed from the granting of a preliminary injunction; and by the Act of June 12, 1879, P. L. 177, one is allowed from the refusal to grant it; but no Act of Assembly allows an appeal from a refusal to dissolve one which has previously been granted.

The fourth assignment alleges error in not certifying the case to the law side of the court. But the court was never moved to so certify it, and if it had been, and had refused the motion, the decision would have been interlocutory and not the subject of an appeal.

The sixth assignment alleges error in refusing to dissolve the injunction because but one surety was given on the bond, and also because the plaintiffs made no effort, during a period of over two years, to bring the case to a final hearing. This assignment is double and under Rule 26 is "a waiver of all the errors so alleged." Moreover, neither allegation furnishes a just ground of complaint. As to the first thereof it is enough to say that the court allowed a new bond to be filed with two sureties, and no exception was taken to that allowance; nor if taken would it have been efficacious. As to the second thereof, the failure to bring the case to a final hearing was as much defendant's fault as it was plaintiffs', and the effect of the delay, so far as defendant is concerned, is to deprive him of the right to complain. The purpose of the Acts of 1866 and 1879, above referred to, was to afford prompt relief to parties needing it, and an intentional delay on their part, beyond the time when they could have had a final decree, shows that in their own judgment, they did not need prompt relief: Gyger's App., 15 W. N. C. 513; Sheaffer's App., 100 Pa. 379.

The third and fifth assignments must, however, be sustained. They allege error in the decree of May 27, 1918,

in mandatorily requiring the removal of the garage, and the restoration of the alley, and in placing the costs of the case on the defendant. In effect that is a final decree. Instead of maintaining, until final hearing, the status which existed at the time the bill was filed, it wholly destroyed that status. Moreover, on a motion to dissolve an injunction, with no outstanding motion to enlarge it, the duty of the court is either to dissolve or maintain it, or to modify it by making it less stringent. It cannot enlarge the decree, for the defendant was not in court to meet that question. Much less can it finally conclude the controversy. That is a matter for a final hearing only.

It follows from the foregoing that the preliminary injunction as originally granted, cannot now be disturbed by us, but that the decree of May 27, 1918, must be reversed and set aside, and the record remitted for further proceedings according to law. The costs of the appeal will abide the event of the suit. It is accordingly so ordered.