## Holden *v.* Llewellyn et al., Appellants.

*Equity—Equity practice — Preliminary injunction — Motion to continue injunction—Interlocutory order—Motion to certify case to law side—Practice, Supreme Court — Appeals — Act of June 7, 1907, P. L. 440.*

1. On appeal from an order awarding a preliminary injunction, the Supreme Court will consider the merits of the case only for the purpose of determining whether, on the facts presented to the court below, there was reasonable ground for its action, and, unless the record presents palpable error, the decree will be affirmed.

2. An order of the lower court continuing a preliminary injunction until final hearing is interlocutory and not the subject of an appeal.

3. It is not reversible error to award a preliminary injunction restraining the defendant from entering upon plaintiff's premises and removing culm to which plaintiff claimed title, especially where it appears defendant threatened to continue such acts and to forcibly eject plaintiff, and that defendant was financially unable to respond in damages.

4. An order of a court of equity refusing to certify a case to the law side of the court, pursuant to the Act of June 7, 1907, P. L. 440, is not the subject of an appeal on the part of the defendant before a decision upon the merits, although the statute expressly gives the plaintiff a right to appeal from an order certifying the case to the law side of the court before a decision upon the merits.

Argued Sept. 30, 1918.  Appeal, No. 89, Jan. T., 1919, by defendants, from decree of C. P. Luzerne Co., March T., 1918, No. 8, continuing a preliminary injunction, in case of Charles P. Holden v. George J. Llewellyn and Frank Carlucci.  Before BROWN, C. J., STEWART, FRAZER, WALLING and FOX, JJ.  Appeal dismissed.

Bill in equity for an injunction.

Motions to continue injunction and to certify the case to the law side of the court.  Before STRAUSS, J.

The opinion of the Supreme Court states the facts.

The court continued the preliminary injunction which it had issued and refused to certify the case to the law side of the court.  Defendants appealed.

*Errors assigned* were in awarding a preliminary injunction, in refusing to certify the case to the law side of the court, and in continuing the preliminary injunction.

*Rush Trescott,* with him *John T. Lenahan* and *George J. Llewellyn,* for appellants.

*Benj. R. Jones,* with him *James L. Morris, J. Hibbs Buckman* and *W. J. Fitzgerald,* for appellee.

OPINION BY MR. JUSTICE WALLING, October 23, 1918:

Plaintiff's bill seeks to restrain defendants from the removal of certain culm banks, and also asks for an accounting as to culm previously removed. The bill in brief avers plaintiff's ownership and possession of culm banks containing between 170,000 and 190,000 tons and located on the surface of certified lot No. 38 in the Second Division of Certified Pittston Township, Luzerne County; that defendants and their employees have wrongfully and forcibly entered upon said premises and removed over $2,000 worth of said culm and despite plaintiff's notice and protest are still removing the culm and threaten to continue to do so and to forcibly eject plaintiff and his servants therefrom, to his great and irreparable damage. The bill also avers the want of an adequate legal remedy; the multiplicity of suits at law that would be required and the defendants' financial inability to respond in damages. The prayer is for an injunction, accounting and general relief. Injunction affidavits and bond having been filed, the court below awarded a preliminary injunction as prayed for, and, on motion to continue same, testimony was taken on behalf of plaintiff. Defendants filed an answer denying material allegations of the bill, and claiming title and possession of the culm in controversy, also questioning the jurisdiction of the court and averring that the suit should have been brought at law, but submitted no testimony. The court made an order continuing the injunction until final hearing, and declined, at least for the present, to certify the case to the law side of the court. Defendants brought this appeal and assign as error the granting of the preliminary injunction, the order continuing the same and the refusal to certify the case to the law side of the court.

We find no error in the record. While the granting or refusal of a preliminary injunction is the subject of appeal, yet in such case we refrain from a discussion of the merits of the litigation and merely determine wheth-

er, under the facts presented in the court below, there was a reasonable ground for its action: Hoffman v. Howell, 242 Pa. 112; Gemmell et al. v. Fox et al., 241 Pa. 146; Deal v. Erie Coal & Coke Co., 246 Pa. 552; and unless the record presents palpable error the judgment will be affirmed: Borough of Sunbury v. Sunbury & S. Ry. Co., 241 Pa. 357. In the present case reasonable cause was shown for granting the injunction.

Complaint is also made of the order of the court in continuing the preliminary injunction until final hearing, but that is an interlocutory order and not the subject of an appeal. It is so held in the opinion of this court by Mr. Justice SIMPSON in Drum v. Dinkelacker, 262 Pa. 392, filed herewith. See also Arnold v. Russell Car & Snow Plow Co., 212 Pa. 303; Stuchul v. Stuchul, 233 Pa. 229.

Treating the order of the court below as a refusal to certify the case to the law side of the court, pursuant to the Act of June 7, 1907, P. L. 440 (Purdon's Digest, Vol. V, page 6061), it was an interlocutory order and not the subject of an appeal: Drum v. Dinkelacker, supra; Stuchul v. Stuchul, supra. The statute gives the defendant no right to raise such question by appeal until after a decision upon the merits, while the plaintiff is expressly given the right to appeal from an order certifying the case to the law side of the court. See the 2d and 3d sections of the act.

The assignments of error are overruled and the appeal is dismissed at the costs of appellants.