Chiswell *v.* Campbell et al., Appellants.

Argued March 18, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

PER CURIAM, March 19, 1929:

This is an injunction bill to restrain defendants from disposing of certain property. A preliminary injunction was granted on August 2, 1927. On August 23, 1927, the following order was entered: "The court now reserves the decision upon the motion to dismiss the bill, and the injunction is continued......until the testimony has been transcribed and filed, when the court will immediately hear arguments upon the motion made by counsel that is now reserved." No further action was taken until January 23, 1929, when, after testimony and

further objections to the bill had been filed, the court entered the following decree: "Now the 23d day of January, 1929, the objections to the bill of complaint are dismissed; the motion to dissolve the motion, dictated to the stenographer at the conclusion of the testimony by the solicitor for the defendants, is overruled as to all of the defendants save Martin L. Markel, sheriff, as to whom it is dissolved; and the preliminary injunction continued as to all the other defendants, on a motion filed by solicitors for the plaintiff, with leave to the defendants against whom the injunction is continued, to file an answer on the merits within thirty days from the filing of this decree." On February 1, 1929, defendants perfected an appeal from the orders granting and continuing the preliminary injunction. Appellees now move to quash the appeal.

The appeal must be quashed. Any appeal from the original injunction order of August 2, 1927, is obviously too late, as over eighteen months have elapsed since that time. As to the decree continuing the preliminary injunction, this court has held that such a decree is an interlocutory order from which no appeal lies. The question has been ruled on in Holden v. Llewellyn, 262 Pa. 400, where we said: "Complaint is also made of the order of the court in continuing the preliminary injunction until final hearing, but that is an interlocutory order and not the subject of an appeal." The following quotation from Drum v. Dinkelacker, 262 Pa. 392, also is in point: "Moreover, the refusal to dissolve a preliminary injunction is not the subject of an appeal, and hence for this reason also the first assignment must be dismissed, as must also the second assignment, for they allege error only in the refusals to dissolve. By the Act of February 14, 1866, P. L. 28, an appeal is allowed from the granting of a preliminary injunction; and by the Act of June 12, 1879, P. L. 177, one is allowed from the refusal to grant it; but no Act of Assembly allows

an appeal from a refusal to dissolve one which has previously been granted."

The appeal is quashed.