Conrad et al., Appellants, *v.* Stahlman et al.

Argued April 26, 1929.

Before
TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and
BALDRIGE, JJ.

*Harry M. Rimer,* and with him *W. N. Conrad,* for
appellant.—Equity has jurisdiction in cases of fraud:
McGeary v. Jenkins, 187 Pa. 440; McClurg v. Wilson,
43 Pa. 439.

*Charles J. Margiotti,* and with him *W. M. Gillespie*
and *S. C. Pugliese,* for appellees.—Equity is without
jurisdiction to enjoin execution: Bracken et al. v.
Welton Eng. Company, 283 Pa. 91.

PER CURIAM, July 2, 1929:
This appeal is from an order dissolving a prelimi-
nary injunction apparently granted under Rule 38,
since the record consists only of the bill and several

injunction affidavits. A motion to dissolve made five days later, was granted in an opinion filed shortly thereafter. The purpose of the bill was to restrain, until the further order of the court, the sale of premises on a writ of levari facias in a mortgage foreclosure on the ground that by oral agreement the parties had agreed to subordinate the lien of the mortgage to that of a subsequent mortgage held by complainant. The court applied the general rule that such restraint would not lie on the authority of Brackin v. Welton Engineering Co., 283 Pa. 91.

It has long been the established practice on appeals from the granting or refusing of preliminary injunctions, to refrain from discussing the merits of the litigation which, obviously, cannot certainly be determined at such stage of the proceeding (Holden v. Llewellyn, 262 Pa. 400, 402; Transue v. Gregorashczuk, 295 Pa. 529), though the court will examine the record to see whether there was apparently reasonable ground for the action of the court below. We have applied the rule in reviewing this record in the light of the argument of the learned counsel for the appellant, but find no reason for differing from the conclusion reached below.

Order affirmed, costs to abide the result.