## Wanamaker et al. *v.* Wanamaker, Appellant.

Argued April 9, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Theodore Lane Bean,* for appellant.

*Francis Shunk Brown,* with him *Ira Jewell Williams, Jr.,* of *Brown & Williams, Aaron S. Swartz, Jr.,* and *Joseph Gilfillan,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 21, 1934:

Plaintiff filed her bill in equity, in her own right and on behalf of her minor children, against her husband, John Wanamaker, Jr., praying that he be enjoined from obtaining a divorce from her in Nevada or elsewhere outside of Pennsylvania. On the same day that the bill was filed a preliminary injunction was issued ex parte on plaintiff's affidavit.

Shortly after the filing of the bill Theodore Lane Bean, Esq., presented his petition to the court below, asking leave to appear specially for defendant to move to dissolve the injunction. Leave was granted and Mr. Bean thereupon moved for the dissolution, assigning as grounds that the court had no jurisdiction to enjoin one spouse from maintaining a proceeding for divorce from the other; that plaintiff had an adequate remedy at law; that defendant was a nonresident of Pennsylvania and

the court had no jurisdiction of his person and no power to render a personal decree against him or to enjoin him from prosecuting his divorce proceeding in Nevada. The court discharged the motion on October 14, 1932, without opinion.

While the motion to dissolve was pending, Mr. Bean, on September 9, 1932, filed a petition for leave to appear specially for defendant for the purpose of filing a petition under the Act of March 5, 1925, P. L. 23, 12 P. S., section 672ff, to raise preliminarily the question of jurisdiction. A rule was granted on plaintiff, who filed an answer, whereupon the rule was made absolute and the petition under the Act of 1925 was filed, raising the question of jurisdiction and praying that the alleged service on defendant be set aside. On this petition a rule was granted, an answer was filed, depositions were taken and on April 21, 1933, the then president judge of the court discharged the rule without opinion. Within the time provided by the act defendant took this appeal. Notice to file an opinion was served on the president judge. He did not do so before the expiration of his term of office. Subsequently an opinion was filed by one of the other judges of the court, in which it was held that the motion to dissolve the preliminary injunction was the equivalent of a petition under the Act of 1925, and as no appeal had been taken from the dismissal of that motion, the court was required to discharge the rule granted upon the pending petition. We think this not the proper disposition of the rule and that the court should have proceeded to pass upon the merits of the questions raised by appellant in the petition filed under the Act of 1925.

Equity Rule 38 provides that a defendant may move to dissolve a preliminary injunction. The virtue of such a rule becomes apparent when account is taken of the harm which may be done to a defendant by the issuing of an ex parte preliminary injunction tying his hands. He should be in position to move for dissolution at once without jeopardizing his rights or position ultimately in

the litigation, and to point out to the chancellor, aside from the merits of the controversy, the harm that will be done to him if the injunction is not removed. If he cannot satisfy the court as to this and his motion to dissolve is dismissed, he cannot appeal: Drum v. Dinkelacker, 262 Pa. 392; Chiswell v. Campbell, 296 Pa. 228; and the suit goes forward. The Equity Rule is just as forceful as a statute and has the effect of one: Cassidy v. Knapp, 167 Pa. 305, 307; Barlott v. Forney, 187 Pa. 301, 304; Baur v. Wilkes-Barre Light Co., 259 Pa. 117, 121. When appellant's counsel obtained leave to appear specially and to present the motion to dissolve, and presented it, he was not proceeding under the Act of 1925, but under the Equity Rule. Disposition of the motion had no effect upon his subsequent petition under the Act of 1925. That proceeding raised a question covered by that statute, the court's jurisdiction over the person of the defendant. This matter has not yet been properly determined and the record must go back in order that the court may pass upon it.

The order of the court below is reversed with a procedendo. Costs to abide the final result.