Aldrich, Appellant, v. Geahry.

Argued March 20, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

reargument refused April 30, 1951.

*George W. Lamproplos,* with him *Vincent R. Smith, Wayne Donahue* and *Myron W. Lamproplos,* for appellant.

*Carroll Caruthers,* with him *John W. Pollins,* for appellees.

OPINION BY MR. CHIEF JUSTICE DREW, April 17, 1951:

Charles H. Aldrich, plaintiff, filed this bill in equity against George W. Geahry, Robert Lear, and the Barclay-Westmoreland Trust Company to compel specific performance of a contract for the sale of 75 shares of capital stock in the United Cleaning Company. A preliminary injunction restraining defendants from transferring the stock was entered and later dissolved by the court below. On appeal we reversed and

reinstated the injunction: *Aldrich v. Geahry*, 360 Pa. 376, 61 A. 2d 843. Thereafter, a final hearing was held following which the lower court dismissed the bill and plaintiff again appealed.

On July 7, 1945, plaintiff was employed by Geahry acting in his capacity as President of the United Cleaning Company. By a contract bearing the same date Geahry agreed to sell to plaintiff 75 shares of stock in that Company for the sum of $7500 of which $1250 was paid in cash and the balance was to be paid off by a credit of $1125 per year as long as plaintiff continued to work for the Company. It was further provided that should plaintiff leave the employ of the Company either of his own volition or by dismissal Geahry would pay to plaintiff the amount paid in cash plus the accrued credits. By March 1, 1948, a total of $5250 had been paid or credited under this contract. At that time Geahry informed plaintiff that he would not perform on the contract and offered to return the money. Upon plaintiff's refusal to accept that offer Geahry attempted to discharge him. Plaintiff, however, refused to surrender his position and thereafter brought this suit for specific performance.

The United Cleaning Company is a small, closely owned corporation having a capital structure consisting of 377½ shares. At the time this contract was entered into, Geahry owned 103¼ shares. In addition, Geahry had an interest in 75 shares of stock which were held in the name of one Clark but which by a contract executed November 30, 1942, Geahry was purchasing on an installment basis. Those shares were being held in escrow by the Barclay-Westmoreland Trust Company until final payment was made. While the former appeal was pending the parties to this suit entered into an agreement whereby defendant Lear paid the balance of $3480.23 due on those shares and they were

transferred to counsel for plaintiff and counsel for Lear, as trustees, pending the outcome of this suit. It was further agreed that should plaintiff succeed in this action he would receive those shares upon paying to Lear the sum of $3480.23. That agreement was then made a part of this record.

All of the above facts were undisputed and it was upon a consideration of them that this Court reinstated the preliminary injunction on the former appeal. We there held that equity had jurisdiction because (p. 381): "The stock in the United Cleaning Company is closely held, is not purchasable in the market, has no quoted or ascertainable market value and is of peculiar value to plaintiff because of his employment by the company." At the final hearing the sole evidence on the question of value produced by defendants was the capital stock tax returns for the years 1942 through 1947. That evidence was totally insufficient to form a basis for the chancellor's conclusion that the value was readily ascertainable and consequently the remedy at law was adequate.

The tax return did not purport to show the market value but only the book value of the assets. The book value is rarely an accurate representation of the market value. Particularly is this true in a small, closed corporation such as the one here involved. See *Jones v. Costlow*, 349 Pa. 136, 36 A. 2d 460. Furthermore, the tax returns in no way show the value of these shares to an employe. In a small corporation of this type the opportunity to acquire a one-fifth interest in the business is a substantial incentive to an employe which is not capable of monetary evaluation. Under these circumstances the remedy at law is obviously inadequate and equity's jurisdiction to grant specific performance was properly invoked to protect plaintiff's rights under his contract.

The lower court further held that the employment contract was terminable at will by either party and was not, therefore, enforceable in equity. That same question was raised on the previous appeal and we there held that (p. 381) "... an examination of plaintiff's contract with Geahry would indicate that it was not the intention of the parties to vest in Geahry the right to terminate the agreement by causing plaintiff to be dismissed from his employment without just cause." It is equally clear that plaintiff could not terminate the agreement by leaving his employment without just cause. Thus the employment was not an employment at will. The right to terminate the employment contract was limited by the terms of the stock purchase contract. Plaintiff is not, therefore, barred by the rule that specific performance will not be decreed where a contract may be abandoned at any time.

As stated above, the shares to be awarded to the successful party in this suit have been limited by the stipulation of the parties to the 75 shares transferred from Clark to counsel for plaintiff and counsel for Lear, as trustees. Lear now contends that plaintiff cannot recover the 75 shares, even if he is successful in this suit, because Lear, by making final payment on them, gained title to all of Clark's rights and that, consequently, Geahry the original assignee, no longer has any interest in the 75 shares which he can transfer to plaintiff. However, by the terms of the stipulation the shares were to be Lear's only if he were successful in this suit. Since he has not been, they must be awarded to plaintiff in accordance with the terms of the agreement of the parties.

The terms of the contract are definite and the subject matter has a peculiar value to plaintiff incapable of being measured in damages in an action at law. Since defendants have failed to show reasonable

grounds for their refusal to perform, a decree compelling specific performance must be entered.

The decree is reversed, at the costs of appellee, Robert Lear, and the record is remanded to the court below with directions to enter a decree ordering Wayne Donahue and Carroll Caruthers, trustees, to transfer to plaintiff the 75 shares of United Cleaning Company stock held by them conditioned only upon the payment by plaintiff to Lear the sum of $3480.23.