## Roth *v.* Columbia Distributing Company of Allentown, Appellant.

Argued May 26, 1952. Before DREW, C. J., STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Morris Wolf,* with him *J. Julius Levy, Julius M. Rapoport, Groman & Rapoport* and *Wolf, Block, Schorr & Solis-Cohen,* for appellants.

*E. G. Scoblionko,* with him *Scoblionko & Frank,* for appellee.

OPINION BY MR. JUSTICE JONES, June 24, 1952:

The plaintiff, on April 3, 1952, filed in the court below his bill of complaint and an affidavit of immediate and irreparable loss or damage. The court, pursuant to Equity Rule 38, granted a preliminary injunction without notice to the defendants after the required security had been entered by the plaintiff and approved by the court. April 8, 1952, at 9:30 A.M. was the time fixed for the hearing on a motion to continue the injunction. A copy of the bill and injunction were duly served on the defendants.

At the hearing on April 8th, counsel for both parties were present. According to the appellee's Counter-History of the Case, the defendants filed a motion to dissolve the injunction, which motion, after argument, the court denied the same day. We mention this only as a part of the undisputed chronology of the litigation and not that the refusal of the motion to dissolve has any bearing on the outcome of this appeal.

Also, on April 8th the court orally made an order continuing the injunction until April 17, 1952, for the purpose of taking testimony. The next day (April 9th), the defendants took this appeal from the granting of the preliminary injunction as allowed by Act of February 14, 1866, P. L. 28, 12 PS §1101.

The appellee has moved to quash on the grounds (1) that the appeal is from the order *continuing* the preliminary injunction which is said to be unappealable and (2) that the appellants failed to comply with our Rule 22. The latter ground was expressly abandoned at bar and need not be considered. It is the appellants' contention that the appeal is from the *granting* of the preliminary injunction.

Despite the statement to be found in some of our cases that an order continuing a preliminary injunction is not appealable, the fact of the matter is, so far as our research discloses, that not once has the rule been applied decisionally by this court. The one time that the question was squarely presented, it was intentionally not passed upon and the appeal was disposed of on the merits which, of course, it could not rightly have been had the appealed order not been legally appealable: see *Pennsylvania Railroad Company v. Driscoll*, 330 Pa. 97, 99-100, 198 A. 130. Courts do not lawfully acquire jurisdiction by usurping it and any such infraction is all the more to be deprecated where what jurisdiction there is is statutory as in the case of this court.

As just indicated, there is nothing decisional in this State requiring us to hold that the right of appeal from the granting of a preliminary injunction is not exercisable after an order continuing the injunction has been made. A review of the cases will so confirm. In *Pennsylvania Railroad Company v. Driscoll*, supra, which the appellee cites, the appeal in a preliminary injunction proceeding was taken after an order con-

tinuing the injunction had been entered. As the report shows,—"The right to appeal was challenged by appellee in a motion to quash . . . [for the] reasons . . . that as the appeal was from the order continuing the injunction . . . it was from an interlocutory decree and the questions that might be raised on appeal from the granting of the preliminary injunction were thus waived . . . ." In reply, the appellants contended that "the appeal is from the refusal of the court below to dissolve the preliminary injunction . . . [which] is equivalent to the granting of a preliminary injunction. . . . They also argue[d] that in any event the appeal [was] good from the order continuing the preliminary injunction." With the appellate jurisdiction thus directly challenged, this court declined to decide the question, saying (p. 100),—"However, we will not at this time decide the motion to quash." Not only did the *Driscoll* case not decide that an appeal from a preliminary injunction does not lie after an order continuing the injunction has been entered, but the necessary and logical implication from the disposition made of the appeal in that case is to exactly opposite effect, for, as already stated, such was the type of appeal entertained in the *Driscoll* case and it was disposed of on the merits.

The further statement in the *Driscoll* case that "The Act of February 14, 1866, P. L. 28, permitting appeals from the granting of preliminary injunctions did not provide for appeal from an order continuing a preliminary injunction" is true, but it does not justify an inference that an appeal from the granting of a preliminary injunction does not lie after an order continuing the injunction has been entered. What the Act of 1866 conferred was a right of appeal from the *granting* of a preliminary injunction and nowhere does that statute provide or even intimate that such right of appeal vanishes upon the entry of an order continu-

ing the injunction. The appeal is at all times from the granting of the preliminary injunction.

Nor do the cases cited in *Pennsylvania Railroad Company v. Driscoll*, supra, hold that an appeal under the Act of 1866 from a preliminary injunction does not lie after an order continuing the injunction has been entered. For example, in *Transue v. Gregorashczuk*, 295 Pa. 529, 145 A. 532, while it was said that the appeal was from the order continuing a preliminary injunction, which was not appealable, the appeal was actually treated as being "from the granting of a preliminary injunction" and was disposed of on the merits. In short, the appeal was not quashed as it should have been had it been taken from an unappealable order. In *Chiswell v. Campbell*, 296 Pa. 228, 145 A. 817, where a preliminary injunction had been granted and continued, the appeal was quashed as being too late, having been taken more than eighteen months after the decree granting the injunction. What was there said respecting an appeal from an order continuing a preliminary injunction was obviously a dictum. *Drum v. Dinkelacker*, 262 Pa. 392, 394, 105 A. 509, was another case where the appeal from a preliminary injunction was taken *too late* to be effective. As the opinion in that case states, the appeal was taken more than two years after the granting of the injunction although "six months [was then] the limit of time for appealing: Section 4 of the Act of May 19, 1897, P. L. 67." It was also correctly said in the *Drum* case, supra, that "no Act of Assembly allows an appeal from a refusal to dissolve" an injunction previously granted. But, no such appeal is involved here.

The remaining cases cited by the appellee are equally inapposite. In *Wanamaker v. Wanamaker*, 315 Pa. 229, 232, 172 A. 846, the question was whether a motion to dissolve a preliminary injunction was the equivalent of a petition under the Act of 1925 raising

a question of the court's jurisdiction as the lower court in that case had held it to be. This court properly reversed. What was there said about a dismissal of a motion to dissolve a preliminary injunction being unappealable was correct but has no bearing whatsoever on the question with which we are now concerned. *Holden v. Llewellyn,* 262 Pa. 400, 403, 105 A. 639, merely repeated what had been contemporaneously said in *Drum v. Dinkelacker,* supra, about an order continuing a preliminary injunction not being appealable which, of course, it is not. Our present question is whether the granting of a preliminary injunction remains appealable by virtue of the Act of 1866 after an order continuing the injunction has been entered. The case of *Caflisch v. Logue,* 216 Pa. 146, 65 A. 31, is *sui generis.* The quashing of the appeal in that case was apparently because the lower court had done no more than continue the initial hearing on the preliminary injunction in order "to give counsel for plaintiffs an opportunity to file their answer." There is nothing in the case to suggest that an appeal from the granting of a preliminary injunction cannot be taken after an order continuing the injunction has been entered. Nor is any rational basis apparent for so holding.

Indeed, if the right of appeal be held not to exist in such contingency, there would seem to be no time when the granting of a preliminary injunction can be appealed. In *United Electrical, Radio and Machine Workers of America v. Sherman,* 352 Pa. 133, 134, 41 A. 2d 860, where an appeal from a preliminary injunction was taken within the five-day period preceding the day fixed by the court for a hearing on a motion to continue the injunction, we dismissed the appeal as being premature because it ". . . rendered impossible the hearing fixed by the court pursuant to Equity Rule No. 38 . . . ." The merit of this ruling seems obvious. A hearing on a motion to continue a preliminary in-

junction within five days of its issuance is an integral part of the procedure for granting such an injunction without notice. When the hearing is had, it may be that the injunction will not be continued, in which event the defendant would have no reason to appeal. Consequently, awaiting the hearing at the end of the five-day period, before appealing, not only aids in the avoidance of unnecessary appeals and expenses but may actually expedite a prompter dissolution of the injunction which is what an aggrieved defendant desires.

Our conclusion is that, while an appeal taken from the granting of a preliminary injunction prior to the initial hearing on a motion to continue the injunction is premature (*United Electrical* case, supra), the right of such appeal, as conferred by the Act of 1866, is unaffected by the entry of an order continuing the injunction and endures for the period of time allowed by law for an appeal in an equity proceeding. Accordingly the appellee's motion to quash is denied.

Before treating with the appeal on the merits, there is a further technical matter to be considered. The defendants contended in the court below and contend here that the bill of complaint was so deficient in its averments as to be incapable of supporting the grant of a preliminary injunction. After this appeal was taken, the matter was proceeded with in the court below as is permitted by the Act of 1866, supra. At the hearing on April 17th the lower court allowed the plaintiff to amend his complaint; and, at the argument of this appeal on May 29th last, the plaintiff asked permission to file, and has since filed, a petition for leave to conform the copy of the bill of complaint in the appeal record with the amended complaint now on file in the court below. The defendants filed a responsive answer and denied a right to amend the lower court record in this court. While an appeal under the Act of 1866 does not operate as a supersedeas or sus-

pend the proceedings in the original suit, we do not think enlargement of the record in this court in order to include therein amendments made below subsequent to the taking of the appeal would be justified. In *Surco Products, Inc., v. Kieszek,* 367 Pa. 516, 522, 80 A. 2d 842, it was held that the absence of a jurisdictional requisite to the grant of a preliminary injunction (see *Baur v. Wilkes-Barre Light Co.,* 259 Pa. 117, 122, 102 A. 430) could not be supplied by action subsequent to the taking of an appeal from the injunctive order. And, while averments insufficient to support the cause of action pleaded are not jurisdictional deficiencies, orderly procedure requires that the action appealed from stand or fall on the record whereon the court below acted in entering the appealed order or decree. So far as the bill of complaint is material to our review of the action taken by the court below, we shall accordingly confine ourselves to the bill as originally filed.

On an appeal from the grant of a preliminary injunction, we merely determine whether under the facts before the court below there were reasonable grounds for its action: *Cohen v. Byers,* 363 Pa. 618, 70 A. 2d 837; *Trainer v. International Alliance,* 353 Pa. 487, 491, 46 A. 2d 463; *Golden v. Markson Coal Co.,* 351 Pa. 493, 494, 41 A. 2d 660; and *Holden v. Llewellyn,* 262 Pa. 400, 402-403, 105 A. 639. Unless it is plain that no such grounds existed or the record reveals palpable legal error, the decree will be affirmed: *Borough of Sunbury v. The Sunbury & Susquehanna Railway Company,* 241 Pa. 357, 359, 88 A. 543, and cases there cited.

The bill of complaint averred, inter alia, a contract whereby the plaintiff invested in the business of the defendant corporation of which the individual defendant was and is an officer, that the plaintiff thereby acquired 20% of the stock of the defendant corporation and a right to permanent employment as general man-

ager of the business of the corporation. It further averred performance of the contract by both parties, an option to the plaintiff to acquire additional stock in the defendant corporation, acquisition of such stock by the plaintiff, bringing his total holdings up to 33% of the corporation's entire capital stock, the past and present dependence of the success of the business of the corporation and the value of the plaintiff's stock upon the plaintiff's management of the business, an intention on the part of the defendants to oust the plaintiff from his position as general manager at a meeting of a board of directors of the corporation to be held on April 4th (the day following the filing of the bill), and proper performance by the plaintiff of his contractual obligations as general manager of the corporation. The bill also was accompanied by an affidavit of immediate and irreparable loss or damage executed by the plaintiff to which we have already referred. We think these facts fully justified the granting of the preliminary injunction.

Assuming, arguendo, that certain of the averments of the bill are not sufficiently specific to allow for proofs, at trial, necessary to findings upon which the relief prayed for could be granted, such circumstance does not, ipso facto, convict the chancellor of error in granting the preliminary injunction. The bill sufficiently shows that a contractual arrangement between the plaintiff and the defendants existed for many years whereby the plaintiff acquired and is entitled to property and rights of large value which will be lost or damaged if the defendants are permitted to carry out their threatened ouster of him. All the chancellor did in granting the preliminary injunction was to preserve the status quo until the matter in controversy could be judicially inquired into and a determination made as to whether the status quo should be further preserved until the respective rights and liabilities of the

parties could be adjudicated. We see no error in that. Moreover, the liberality of amendment allowed in equitable proceedings (see Act of May 4, 1864, P. L. 775, 12 PS §1224) affords ready opportunity for more detailed averments by the plaintiff, if necessary, prior to a hearing of the matter on the merits.

The defendants further contend that the cause of action pleaded is the breach of a contract of employment for which the appropriate remedy is at law. The answer to this contention is that the plaintiff does not seek specific performance of the employment phase of the contract but, rather, seeks to restrain the defendants' breach of the contract which confers upon him the stock-acquisition rights and under which contract the parties have operated for years. The plaintiff did not sue for damages. He supplicated equity to protect his proprietary interest under the contract and his right to continued employment as general manager of the corporation. In *Aldrich v. Geahry*, 367 Pa. 252, 80 A. 2d 59, we specifically enforced performance of a contract for an employee's right to purchase stock of the corporate employer, the right being coupled with the purchaser's employment and incapable of valuation in terms of money. By like token, equity has jurisdiction for the prevention of a breach of a contract such as is here averred.

The remaining contentions of the defendants were satisfactorily answered by the learned court below. Under Equity Rule 38 injunction affidavits in addition to the affidavit filed by the plaintiff are required only "when necessary". In this instance additional affidavits were unnecessary as they could have been made only on hearsay emanating from the plaintiff. As to the complaint that the amount of the bond was inadequate, the court was of the opinion that "There is no reason to believe that the corporation will suffer by this action [preliminary injunction] since plain-

tiff's management has been highly and uniformly successful" which justified the conclusion that "The security in this case was ample." In each of these matters the chancellor exercised a considerate and sound discretion.

Decree affirmed at appellants' costs.