J-A26022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RONALD HAZELTON AND KAREN SHESKO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 61 WDA 2016 |
| RALPH HAZELTON, JANET WATSON, DENNIS HAZELTON AND MICHAEL BRINK | : | |

Appeal from the Judgment Entered February 3, 2016
In the Court of Common Pleas of Clearfield County
Civil Division at No(s):  2014-1407-CD

BEFORE:  BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                    **FILED DECEMBER 9, 2016**

Ronald Hazelton and Karen Shesko (Appellants) appeal from the judgment entered on February 3, 2016, which denied their Complaint for Declaratory Judgment and granted Appellees' counterclaim.  We affirm.

The relevant facts are as follows:

A parcel of land in Chest Township, Clearfield County, Pennsylvania, consisting of approximately 82 acres has been owned by members of the Hazelton family for more than one hundred years.  This parcel of land, upon which a farmhouse sets [sic], is commonly known by the parties and referred to herein as the Hazelton Farm.

For most of that time, land on the property was cultivated and farmed; with the exception of the years 1997 through 2011 when 24.7 acres were enrolled in the federal Conservation Reserve Enhancement Program (CREP).  The continuing, unanimous consent of all owners was required for the land to remain enrolled in the CREP program.  However, upon acquiring

their interest in Hazelton Farm in 2010, [Appellants] and Donald Hazelton (a non-party to the present action) refused to consent to the Farm's continued enrollment in the CREP program. Consequently, the Hazelton Farm was dis-enrolled from the CREP program.

Shortly after the acreage was dis-enrolled from the CREP program, Dennis Hazelton, and other [Appellees] in the present action, chose to have the acreage returned to its original use. Accordingly, they arranged for a third party farmer, [Appellee] Michael Brink, to cultivate and farm approximately 20 acres in the northwest portion of the Hazelton Farm.

The Hazelton Farm was originally more than 100 acres. However, due to disputes regarding the use and control of the farm among various co-tenants a partition action was commenced by Ralph Hazelton in April of 2010. This partition action resulted in the original Hazelton Farm being partitioned with Ronald Hazelton, Karen Shesko, the [Appellants] in the present case, as well as Donald Hazelton, a non-party to the present action, receiving an in[-]kind portion of the original Hazelton Farm. The portion amounted to just over 23 acres.

The remaining balance of the Hazelton Farm, consisting of a farm house and just over 82 acres, which is the property subject to the present [appeal], was conveyed by the Master in Partition by a deed dated July 26, 2013 to the following individuals as tenants in common in the following approximate fractional shares:

  a. Dennis R. Hazelton, [Appellee] in the present action (40%)

  b. Ralph N. Hazelton, [Appellee] in the present action (20%)

  c. Mildred E. Park, Non-party to the present action (20%)

  d. Beverly J. Hazelton, Non-party to the present action (5%)

  e. Daniel R. Hazelton, Non-party to the present action (5%)

  f. Janet R. Watson, [Appellee] in the present action (5%)

  g. Paul N. Hazelton, Non-party to the present action (5%)

Almost immediately following the conveyance by the Master in Partition in which the [Appellants] in the present case were awarded an in[-]kind portion of approximately 23 acres of the original 100 [plus] acre Hazelton farm, the [Appellants] in the present case, together with Donald Hazelton, who is a non-party to the present action, purchased an interest in the remaining 82 acres of the Hazelton Farm from Mildred E. Park through a quit-claim deed.

Following the partition action, the 82 acre portion of the Hazelton Farm was left without access to a public road. [Appellee] Dennis Hazelton constructed a dirt access road from the farmhouse to Ponish Road, a township road, to allow access to the Hazelton Farm via public roadway. Dennis Hazelton also constructed various other private roads and reopened existing roads that had become unpassable on the Hazelton Farm. One of these roads led to [Appellants'] 23 acre property that was partitioned off from the original Hazelton Farm. [Appellants] had a mound of dirt and stone bulldozed across this road, on the jointly owned property, to obstruct entry to their separately owned property.

In September of 2014, at the time the [Appellants] filed their complaint in the case at bar, the Hazelton Farm was owned by the following individuals as tenants in common in the following approximate fractional shares:

    a. Dennis Hazelton, [Appellee] (40%)

    b. Ralph Hazelton, [Appellee] (20%)

    c. Ronald Hazelton [Appellant] (6.67%)

    d. Karen Shesko [Appellant] (6.67%)

    e. Donald Hazelton, Non-party (6.66%)

    f. Janet Watson, [Appellee] (5%)

    g. Beverly J. Hazelton, Non-party (5%)

    h. Daniel R. Hazelton, Non-party (5%)

    i. Paul N. Hazelton, Non-party (5%) [1]

By oral agreement[s] in 2012 and 2013 and memorialized in writing in 2014 and 2015, [Appellee], Michael Brink (Brink), who is a local farmer living in Irvona, Pennsylvania, was given

permission by the Hazelton [Appellees] to farm approximately 20 acres in the northwest portion of Hazelton Farm. This agreement, herein after referred to as the Land Use Agreement, did not involve any portion of the [Appellants'] 23 acre parcel of land that was once part of the original Hazelton Farm. Indeed, Mr. Brink has never engaged in any farming activity of any kind on the [Appellants'] 23 acre parcel. Rather, the Land Use Agreement gave Mr. Brink the right to farm approximately 20 acres of the northwest portion of the 82 acre Hazelton Farm. In the spring of 2012, Brink began farming activities on portions of the Hazelton Farm pursuant to the oral land use agreement that he entered into with the Hazelton [Appellees] as well as non-party owners Daniel Hazelton and Paul Hazelton.

Witnesses for [Appellees], included Mr. Brink and Mike Kunsman, who testified as a farming expert, credibly testified at trial as to the many improvements Mr. Brink's farming activities were having on the cultivated acreage and the Hazelton Farm as a whole. Rather than being overgrown and untended, or left fallow, Mr. Brink's farming activity afforded a benefit to the soil by contributing to the soil's nutrient balance and reducing weed and pest infestations, as well as leaving a certain amount of his corn crop in place to hold deer and game in the vicinity off the Hazelton Farm. Mr. Brink's use of the plan complied with the "Conservation Plan" prepared for the acreage by the United States Department of Agriculture Natural Resource Conservation Service.

---

[1] Subsequent to the filing of the [Appellant's] complaint, Dennis Hazelton ([Appellee]) has acquired the interest of Ralph Hazelton ([Appellee]) leaving Dennis Hazelton with a 60% interest in the Hazelton Farm. Similarly, Janet R. Watson ([Appellee]) purchased Beverly J. Hazelton's (non-party) interest resulting in Janet R. Watson owning a 10% interest in the Hazelton Farm which Janet R. Watson concurrently conveyed to herself and her husband Jay A. Watson (non-party).

Trial Court Opinion, 12/16/15 at 1-7 (citations and footnotes omitted).

In September 18, 2014, Appellant's sought a declaratory judgment that the Land Use Agreement for the year 2014 is null and void. Appellees filed a counterclaim asking the court to direct Appellants to remove the dirt and stone obstructing one of the private roads on the 82 acre portion of the Hazelton Farm and remediate the area to its original condition. Appellant filed an Amended Complaint for Declaratory Judgment on November 3, 2014. Appellee responded in a timely fashion to Appellants' declaratory judgment action. On December 16, 2015, following a hearing, the trial court entered an order and opinion denying Appellants' petition for Declaratory Judgment and granting Appellees' counter claim, ordering Appellants to remove, at their sole expense, any and all blockages that Appellants constructed or caused to be constructed on roads located on the commonly owned property. On December 28, 2015, Appellant filed a motion for reconsideration of the court's December 16, 2015, order, which was denied by the trial court.

On January 8, 2016, Appellants filed the instant appeal. On January 18, 2016, the trial court directed Appellants to file a Pa.R.A.P. 1925(b) statement. On February 3, 2016, Appellees filed a Praecipe to enter Judgment on Court's December 16, 2015 opinion and order. Appellants filed their timely 1925(b) statement on February 5, 2016, and the trial court issued a no further opinion letter.

Appellants raise seven issues on appeal:

1. Whether the lower court committed a clear error in ruling that Plaintiff-Appellants failed to establish the existence of a case or controversy with respect to the 2012 through 2015 oral and written land use agreements entered into by and between Defendant-Appellees, Ralph Hazelton, Janet Watson, and Dennis Hazelton (hereinafter referred to as the "Hazelton Appellees") and Defendant-Appellee, Michael Brink (hereinafter referred to as "Appellee Brink") regarding the use and control of the parties' jointly owned property by Appellee Brink.

2. Whether the lower court committed clear error in ruling that no case or controversy exists with regard to the Hazelton Appellees unilaterally entering into future land use agreements with third party, non-owners of the parties' jointly owned property, including Appellee Brink.

3. Whether the lower court committed clear error in ruling that, pursuant to Pennsylvania law, and under the circumstances presented in the instant matter, the Hazelton Appellees are/were permitted to bind their cotenants to contracts concerning the use and control of the commonly held property.

4. Whether the lower court committed clear error in ruling that Plaintiff–Appellants failed to establish that they communicated their opposition to the Land Use Agreements to the Hazelton Appellees.

5. Whether the lower court committed clear error in ruling that Plaintiff-Appellants acquiesced in or agreed to the farming activities that took place (and continue to take place) on the parties' jointly owned property.

6. Whether the lower court committed clear error in ruling that a dirt and stone pile unlawfully obstructs a private access road and/or the Hazelton Appellees' full access to the parties' jointly owned property.

7. Whether the lower court committed clear error in ordering and directing Plaintiff-Appellants to remove the dirt and stone pile, at their own expense, from the parties' jointly owned property.

Appellants' Brief at 4-5.

This action arose when Appellants filed a declaratory judgment against Appellees, asserting that Appellees interfered with their right to the 82 acre property, of which Appellants collectively own an approximately 13.34% share as tenants in common. The trial court held that there was no case or controversy, and judgment was entered in favor of Appellee. Appellants' first five issues on appeal center on whether the trial court erred in denying Appellants' petition for Declaratory Judgment.

The Declaratory Judgment Act enables courts "to declare rights, status, and other legal relations whether or not further relief is or could be claimed. 42 Pa.C.S.A. § 7532. Our review of appeals from declaratory judgements is narrow. *See Universal Health Servs., Inc. v. Pa. Prop. and Cas. Ins. Guar. Ass'n*, 884 A.2d 889, 892 (Pa. Super. 2005). In reviewing a declaratory judgment action, we are limited to determining whether the trial court clearly abused its discretion or committed an error of law. *Bianchi v. Bianchi*, 859 A.2d 511, 515 (Pa. Super. 2004). However, we exercise plenary review over the trial court's legal conclusions. *Universal Health Servs.*, 884 A.2d at 892.

> To bring a declaratory judgment action, there must exist an actual controversy, as declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur, it is an appropriate remedy only where a case presents antagonistic claims indicating imminent and inevitable litigation.

***Selective Way Ins. Co. v. Hosp. Grp. Servs.***, Inc. 119 A.3d 1035, 1046 (Pa. Super. 2015) (quoting ***Bromwell v. Mich. Mut. Ins. Co.***, 716 A.2d 667, 670 (Pa. Super. 1998)).

> We have held that declaratory judgment will not be rendered to decide future rights in anticipation of an event which may never happen and that a petition for declaratory judgment is properly dismissed where the proceeding may prove to be merely academic.

***McCandless Twp. V. Wylie***, 100 A.2d 560, 592 (Pa. 1953).

Instantly, the trial court correctly determined that Appellant failed to establish an actual case or controversy. An actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. ***Orfield v. Weindel***, 52 A.3d 275, 277 (Pa. Super. 2012). Here, Appellants' claim centers on the oral and written Land Use Agreements from 2012 through 2015. As noted by the trial court, at the time of trial, farming season had concluded, and the issue was moot. ***See*** Trial Court Opinion at 9.

This Court will only decide questions that have been rendered moot when one or more of the following exceptions apply: 1) the case involves a question of great importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court. ***First Union Nat'l. Bank v. F. A. Realty Inv'r Corp.,*** 812 A.2d 719, 724 (Pa. Super. 2000).

In reviewing of the record, there is no indication that Appellees' entered into a Land Use Agreement with Appellee Brinks or any other individuals for future farming seasons. The Court cannot declare rights of the parties with respect to Land Use Agreements that do not exist. The instant case does not present a question of great importance, nor is it apt to elude appellate review. If Appellees' enter into a future Land Use Agreement, Appellants may seek emergency injunctive relief. ***See, e.g.***, ***Roth v. Columbia Distrib. Co. of Allentown***, 89 A.2d 825, 829 (1952) (granting preliminary injunction until such time as a final hearing occurs). As there is currently no Land Use Agreement, Appellants will not suffer a detriment due to the decision of the trial court. Thus, the trial court properly denied declaratory relief. ***Orfield***, 52 A.3d at 277; ***First Union Nat'l. Bank***, 812 A.2d at 724.

Appellants also sought an order prohibiting Appellees from entering into future land use agreements. We agree with the trial court; such an order is inappropriate. Essentially, Appellants want a permanent injunction prohibiting farming on the property without Appellants' permission. [1]

---

[1] Here, Appellants seek permanent injunctive relief. Separate standards govern a request for a preliminary injunction and a request for permanent injunctive relief. The purpose of a preliminary injunction is to maintain the status quo until the parties' rights can be considered and determined after a full hearing for a permanent injunction. ***Buck Hill Falls Co v. Clifford Press***, 791 A.2d 392, 396 (Pa. Super. 2002).

An injunction is a court order that can prohibit or command virtually any type of action. It is an extraordinary remedy that should be issued with caution and "only where the rights and equity of the plaintiff are clear and free from doubt, and where the harm to be remedied is great and irreparable." The required elements of injunctive relief are: a clear right to relief; an urgent necessity to avoid an injury that cannot be compensated in damages; and a finding that greater injury will result from refusing rather than granting, the relief requested. Even where the essential prerequisites of an injunction are satisfied, the court must narrowly tailor its remedy to abate the injury.

*Big Bass Lake Cmty. Ass'n v. Warren*, 950 A.2d 1137, 1144 (Pa. Commw. Ct. 2008) (citations omitted). In reviewing the grant or denial of a permanent injunction, an appellate court's review is limited to determining whether the trial court committed an error of law. *Buffalo Tp. V. Jones*, 813 A.2d 659, 663 (Pa. 2002) (citing *Boyle v. Pa. Interscholastic Athletic Ass'n Inc.*, 676 A.2d 695, 699 (Pa. Commw. 1996)).

Here, Appellants failed to establish a clear right to relief. While Appellants are tenants in common and have a right to possession and enjoyment of the entire jointly owned property, we agree with the trial court that "it is highly inequitable that minority owners of a farm veto the majority owner's productive use of the land in order for the land to become fallow and uncultivated". Trial Court Opinion, 12/16/16 at 12. In similar situations, other jurisdictions have held that "[a] nonleasing tenant in common who does not personally wish to cultivate the property may not prevent a cotenant's lessee from doing so." 86 C.J.S. Tenancy in Common § 141 (citing *Stinson v. Marston*, 169 S. 436 (La. 1936)). Furthermore, at the

time Appellants bought back into the property, it was already being cultivated and farmed by Appellee Brink.

Appellants also failed to meet the second requirement for injunctive relief. They have failed to demonstrate an urgent necessity or injury that cannot be compensated in damages. Finally, as there are no future Land Use Agreements, Appellants failed to establish that greater injury will result from refusing rather than granting relief.

Appellants' remaining two claims assert that the trial court erred in ordering Appellants to remove a dirt and stone pile obstructing a road on the Hazelton property at Appellants' expense. The estimated size of the pile is six to seven feet in height, ten to twelve feet in width, and approximately one hundred feet in length. Notes of Testimony (N.T.), 9/14/15 at 192. As previously, stated tenants in common have a right to the possession and enjoyment of the entire jointly owned property. While the farming of twenty acres of land provides a benefit to the property, blocking the road does not. The dirt and stone barrier made the land unusable to the Appellees. Based on the evidence in the record Appellants have reduced the use the common acreage. Given that Appellants' caused the blockage, the burden is on them to remove the dirt and stone pile from the commonly owned land. Based on the foregoing, we discern no abuse of discretion or error of law.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/9/2016</u>